Regency Village Management, Respondent,
against
Eugene Morris and Constance Williams, Tenants, George Hancock, Appellant, et al., Undertenants.




Legal Aid Society of Rockland County, Inc. (Aimee M. Pollack, Esq.), for appellant.
Wilf Law Firm, LLP (Mark A. Rothberg, Esq.), for respondent.

Appeal from an order of the Justice Court of the Town of Ramapo, Rockland County (Alan M. Simon, J.), entered July 8, 2015. The order granted landlord's motion for summary judgment and denied occupant George Hancock's cross motion for summary judgment dismissing the petition.




ORDERED that the order is modified by providing that landlord's motion for summary judgment is denied; as so modified, the order is affirmed, without costs.
Landlord commenced this holdover proceeding to recover possession of a rent-regulated apartment against the tenants of record and George Hancock, an occupant. The tenants defaulted, but Hancock appeared and answered, denying the material allegations of the petition and asserting, among other things, a right to succeed to the tenancy (see Emergency Tenant Protection Regulations [9 NYCRR] § 2503.5 [d] [1]). In support of a motion for summary judgment, landlord submitted only an attorney's affirmation, not made on personal knowledge, asserting, among other things, that the lease had been terminated on March 31, 2015, pursuant to a 30-day notice of termination; that Hancock had been illegally occupying the apartment; and that Hancock did not qualify for succession rights. Hancock cross-moved for summary judgment premised upon a claim that he was a family member entitled to succession rights. The Justice Court granted landlord's motion and denied Hancock's cross motion.
Landlord's motion for summary judgment should have been denied since landlord failed to submit an affidavit by a person with the requisite knowledge of the facts; the attorney's affirmation which landlord submitted lacks probative value (see CPLR 3212 [b]; Sydney Realty, LLC v Desiderio, 17 Misc 3d 137[A], 2007 NY Slip Op 52302[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). However, Hancock's cross motion for summary judgment was properly denied since he failed to establish that he was a "family member" (Emergency Tenant Protection [*2]Regulations [9 NYCRR] § 2500.2 [n] [2]), or any other basis for judgment as a matter of law.
Accordingly, the order is modified by providing that landlord's motion for summary judgment is denied.
BRANDS, J.P., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 10, 2017